Reynold W. BESLER, Plaintiff–
Appellant,

v.

Louis W. SULLIVAN, Defendant–
Appellee.

No. 91–1484.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1991.

Decided April 28, 1992.

John A. Bowman, Davenport, Iowa, argued, for plaintiff-appellant.

Michael R. Fry, Kansas City, Mo., argued (Richard L. Richards, Asst. U.S. Atty., Des Moines, Iowa, and Kristi A. Schmidt, Kansas City, Mo., on the brief), for defendant-appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Reynold W. Besler appeals from a judgment of the district court[1] affirming the decision of the Secretary of Health and Human Services denying his application for disability benefits under Title II of the Social Security Act. 42 U.S.C. § 423(a)(1). Besler contends that the Secretary's decision is not supported by substantial evidence and that the Administrative Law Judge wrongly failed to apply the Medical-Vocational Guidelines (Guidelines), which, he claims, would require the Secretary to find him disabled. We affirm.

## I.

In 1983, Besler's doctors discovered that he had cardiomyopathy and recommended that he stop working as a construction laborer. He stopped working in 1984 at age fifty-eight and applied for disability benefits in March 1985, alleging that he had been disabled since August 10, 1984. Further testing in the spring of 1985 revealed Hodgkin's disease, which was later determined to be in remission after a full course of chemotherapy. He has also been examined and treated for degenerative disease in his lumbar and cervical spine, herpes zoster ("shingles"), and persistent nocturnal muscle cramps. Besler has substantially controlled or relieved these symptoms through medication. However, he claims that his ailments leave him short of breath and easily fatigued, that his back hurts after attempting minimal physical activity, and that he suffers from memory loss.

The Secretary denied his application after a hearing, but the District Court re-manded the case for additional evaluation of Besler's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The ALJ conducted a second hearing and issued his decision on remand in August 1989. The ALJ found that Besler suffers from severe but not presumptively disabling medical impairments; that his subjective complaints of disabling pain and fatigue are not credible; that he cannot perform his past relevant work; and that he has the residual functional capacity to perform jobs that do not require him to lift more than fifty pounds at once or twenty-five pounds routinely if he avoids working in hot and humid conditions. Based upon these findings and the testimony of a vocational expert, the ALJ concluded that jobs exist in significant numbers in the national economy that Besler can perform, such as production assembler and hand packager. Accordingly, his application was again denied.

The Secretary's Appeals Council denied review in May 1990, and Besler returned to the district court for judicial review pursuant to 42 U.S.C. § 405(g). The district court concluded that substantial evidence supports the ALJ's findings and conclusions and affirmed the Secretary's decision. This appeal followed.

## II.

Besler argues that the ALJ erred in determining residual functional capacity for two reasons. First, Besler contends that the ALJ improperly discredited his subjective allegations of pain and fatigue. The ALJ acknowledged that Besler had complained of many subjective symptoms that must be analyzed under the standards of *Polaski*, 739 F.2d at 1322, but found that the complaints of pain, fatigue, and other subjective symptoms are "much less than credible"

> because of the claimant's extensive daily activities, particularly his gardening, small motor repair, and his poker playing, as well as the lack of functional

1. The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa.

restrictions and lack of powerful anti-pain medications, and his exaggerated complaint of nausea.

This finding is supported by both the medical evidence and Besler's testimony at the two hearings. Besler testified that he can lift fifty pounds at once and thirty-five pounds "every couple of minutes" and can walk about a half-mile. He regularly lifts and repairs lawn mower motors weighing thirty-five pounds; provides daily care for his chickens, geese, dogs, and cats; drives himself sixty miles at a time without difficulty; plays poker three to four days per week and goes fishing; and does daily chores such as fixing dinner, washing dishes, and grocery shopping. He admitted that Ibuprofen helps his back pain. The record demonstrates that the ALJ considered Besler's subjective complaints of pain and fatigue in detail, found them unpersuasive, and set forth sufficient reasons for discrediting those complaints. Accordingly, we have no basis in the record for rejecting the ALJ's analysis. *See, e.g., Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555–556 (8th Cir. 1992).

■ Second, Besler contends that he is capable of only sedentary work [2] and that the Guidelines therefore direct a finding that he is disabled. *See* 20 C.F.R. Part 404, Subpart P, App. 2. This contention is based upon Dr. Jersild's report that Besler could lift only a maximum of twenty pounds, fifteen to twenty pounds occasionally, and five pounds frequently. Besler argues that the ALJ erred in discounting this report because Dr. Jersild is a "long time treating physician" whose opinions are entitled to great weight.[3] *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991). However, the ALJ discounted Dr. Jersild's report because it was inconsistent with Besler's own testimony as to his lifting capabilities, not because Dr. Jersild's medical opinion was entitled to relatively little weight. Since Besler testified that he can lift up to fifty pounds maximum and thirty-five pounds frequently, the record supports the ALJ's finding that Besler's exertional impairment does not limit him to sedentary work.

■ The ALJ found that Besler could not perform a job requiring him to lift more than fifty pounds at a time or twenty-five pounds routinely and that he must avoid hot and humid conditions. This finding includes both an exertional impairment—his strength limitation—and a nonexertional impairment—his inability to tolerate heat. *See* 20 C.F.R. Part 404, Subpart P, App. 2 § 200.00(e) (distinguishing exertional and nonexertional impairments). The exertional impairment limits him to medium work,[4] and the appropriate Guidelines direct a finding of "not disabled" for someone of Besler's age, education, work history, and functional capacity. *See* 20 C.F.R. Part 404, Subpart P, App. 2 § 203.-15.[5]

■ Thus, the ALJ was correct in not finding Besler disabled under the Guidelines. Instead, the ALJ properly obtained evidence from a vocational expert to determine whether Besler's exertional and nonexertional impairments, in combination, restrict him to the point that he cannot per-

---

**2.** The regulations state that sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.... Jobs are sedentary if walking and standing are occasionally required and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

**3.** It is not at all clear that Dr. Jersild is a treating physician. The Secretary states in his brief that Dr. Jersild examined Besler at the request of the Social Security Administration. Dr. Jersild's report shows that he drew all of his conclusions from existing records and one session with Besler, not from an ongoing doctor-patient relationship.

**4.** Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

**5.** Besler contended at oral argument that his comparatively low IQ, measured at 89 overall with readings as low as 81, reduces his educational and skill levels. However, he is still "not disabled" under the Guidelines, and we conclude that the ALJ adequately considered this factor and Besler's alleged memory loss in determining his residual functional capacity.

form any work in the national economy. *See* 20 C.F.R. Part 404, Subpart P, App. 2 § 200.00(e)(2); *Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir.1985); *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982) (en banc). The vocational expert testified that even with Besler's nonexertional heat impairment, which formed an integral part of all of the hypotheticals posed by the ALJ, there were approximately 30,000 jobs in Iowa and approximately 1.5 million jobs in the national economy that Besler can perform. Since no evidence contradicts the vocational expert's evaluation, the ALJ properly found that Besler was not disabled.

Accordingly, we affirm.