**David OWNBEY, Appellant,**

v.

**Donna E. SHALALA, Appellee.**

No. 93–1370.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1993.

Decided Sept. 24, 1993.

Larry O. Denny, Kansas City, MO, argued, for appellant.

Jerry L. Short, Kansas City, MO, argued (Michael A. Jones and Jerry L. Short, on the brief), for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

David Ownbey appeals from the judgment of the district court[1] upholding the Secretary's denial of social security disability insurance benefits. We affirm.

In April 1989, Ownbey applied for benefits, alleging disability as of July 6, 1988, due to residual injuries in the right ankle and face resulting from a motorcycle accident. The Secretary denied the application initially and upon reconsideration. Following a hearing, the Administrative Law Judge (ALJ) found Ownbey was not disabled and denied benefits. The ALJ concluded Ownbey was not engaged in substantial gainful activity, he had a severe impairment which was not listed in the regulations, he could not return to his past relevant work as a laborer, and his nonexertional limitations did not affect his ability to perform the full range of sedentary work. The ALJ discredited Ownbey's testimony and the testimony of his mother. He fully credited the opinion of Dr. Thorn, Ownbey's treating physician, including Dr. Thorn's assertion that Ownbey could not bend, twist, and stoop, and that he could not carry over thirty pounds. The Appeals Council denied review. The district court upheld the Secretary's decision to deny benefits. Ownbey timely appealed.

■ This court will not reverse a denial of disability benefits if it is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); *Murphy v. Sullivan,* 953 F.2d 383, 384 (8th Cir.1992). " 'Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion.' " *Murphy,* 953 F.2d at 384 (quoted case omitted).

■ Substantial evidence supports the ALJ's findings that Ownbey could do the full range of sedentary work. The ALJ did not err in failing to make findings regarding Ownbey's ability to use his hands and his need to elevate his foot in a work setting. The medical records contain no evidence that Ownbey sought or received medical treatment for numbness in his hands. Dr. Thorn did not mention Ownbey's need to keep his foot elevated, nor would he have concluded that Ownbey was without restriction in his ability to sit if Ownbey could not sit for more than five minutes and had to regularly lift his leg to relieve pain and swelling. Ownbey's allegation that he has difficulty bending, stooping, twisting, or lifting over thirty pounds does not implicate his ability to do sedentary work. A person would not need to bend or twist and would need to stoop only occasionally to perform sedentary work. *Cf. Robinson v. Sullivan,* 956 F.2d 836, 841 (8th Cir.1992) (person would not need to crouch and would need to stoop only occasionally to perform substantially all sedentary and light jobs). Sedentary work involves only "lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a) (1993). Therefore, we find the ALJ did not err in failing to obtain testimony from a vocational expert, and properly applied the Medical–Vocational Guidelines to find Ownbey not disabled.

■ The ALJ properly considered Ownbey's subjective complaints of pain under *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted), and discredited them because they were inconsistent with the record as a whole. Contrary to Ownbey's assertion, the ALJ did not focus only on the lack of objective medical evidence, and he did not "casually reject Ownbey's testimony regarding his daily activity." We find it significant that Ownbey did not seek or receive treatment for his alleged pain in his back, neck, and head; numbness in his

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

hands; and dizziness and drowsiness from medication. Ownbey sought treatment only for the pain in his right ankle. Moreover, Ownbey's testimony conflicted with Dr. Thorn's observation. Ownbey testified that he could sit for only five minutes, could lift and carry only five pounds, and could stand only for one hour. Dr. Thorn instead observed Ownbey could sit without any restrictions, could lift thirty pounds, and stand for two hours. Ownbey's past work history does indicate a lack of financial motivation to return to work.

The ALJ did not err in discrediting Ownbey's complaints that the medication caused dizziness, drowsiness, and sleepiness. Although Percodan and Dolobid may cause dizziness in some cases, *see Physician's Desk Reference* 974, 1518 (47th ed. 1993), the record contains no report that Ownbey ever complained about these side effects to any physician. We reject Ownbey's contention that the ALJ erred in weighing his mother's testimony because she would profit from any benefits that Ownbey would collect. *See Rautio v. Bowen*, 862 F.2d 176, 180 (8th Cir.1988) (testimony of woman who lived with claimant was discounted partially because she had financial interest in case). Moreover, unlike *Smith v. Heckler*, 735 F.2d 312, 316–17 (8th Cir.1984), the ALJ considered the testimony of Ownbey's mother and made specific credibility determinations.

We do not address the claims Ownbey asserts for the first time on appeal (that he met the requirements of 20 C.F.R. Pt. 404, Subpt. P, §§ 1.11 and 1.13 (1993)) as he has not shown that a manifest injustice will otherwise result. *See Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). In any event, we would conclude that Ownbey did not meet the requirements of either section.

Accordingly, we affirm.