19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Alfred SUMMERS, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-3071.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 4, 1994.
Filed: March 10, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alfred Summers appeals the district court's[1] grant of summary judgment dismissing his claim for disability insurance benefits under Title II of the Social Security Act (the Act) and supplemental security income benefits under Title XVI of the Act. We find that the decision of the Secretary of Health and Human Services (the Secretary), affirmed by the district court's grant of summary judgment, is supported by substantial evidence in the record. Hence, we affirm.
 
 
 2
 Summers applied for benefits citing "breathing problems" and testifying at his hearing to pain in his back, sides, hip, and right shoulder. Summers also testified that he felt depressed. The Secretary denied Summers benefits after an administrative law judge (ALJ) found that Summers had the residual functional capacity to perform sedentary work limited to a clean air environment and that allows him to alternate between sitting and standing.
 
 
 3
 This court upholds the Secretary's final decision if supported by substantial evidence on the record as a whole that a reasonable mind might accept as adequate to support the Secretary's conclusion. While the reviewing court must consider evidence that detracts as well as supports the Secretary's decision, it does not reverse simply because substantial evidence also would have supported a contrary decision. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).
 
 
 4
 Summers argues that the Secretary did not properly evaluate his subjective complaints of pain. The Secretary must consider the claimant's complaints of pain but also has a statutory duty to assess the credibility of the claimant and other witnesses. Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). The Secretary may discredit subjective complaints of pain inconsistent with the record as a whole. Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993) (per curiam). The medical evidence does not support the level of pain and functional restrictions described by Summers's testimony. Dr. Paul Gill conducted the only thorough documented examination on the record and determined that Summers suffered smoker's bronchitis but was in "remarkably good condition" considering his complaints of pain. Summers's treating physician, Dr. Steven Bazanno believed Summers was capable of performing sedentary work, see 20 C.F.R. Sec. 404.1567(a) (1993) (sedentary work "involves lifting no more than ten pounds at a time"). See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted).
 
 
 5
 The Secretary properly discounted Summers's testimony that he felt depressed because the record did not contain any medical evidence indicating a mental or emotional impairment. Similarly, it was unnecessary for the ALJ to order a consultive mental examination based on the lack of medical evidence supporting Summers's claim and because he did not allege depression in his application for benefits. See Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993); Mathews v. Bowen, 879 F.2d 422, 425 (8th Cir. 1989).
 
 
 6
 Following the fixed sequence of decision-making, see McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982) (en banc), the ALJ shifted the burden to the Secretary to prove there were jobs in the national economy which matched Summers's residual functional capacity. The vocational expert (VE) identified numerous sedentary positions which are performed in clean environments in the national economy, of which Summers was capable.
 
 
 7
 Summers's argument that the Secretary did not consider the treating physician's assessment of Summers's ability to do work-related activities lacks merit. Generally, the Secretary must give great weight to the treating physician's opinion. Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992). Summers incorrectly suggests that the hypothetical question asked the VE did not conform to the treating physician's impressions. The Secretary included the treating physician's evaluation of Summers's physical abilities in the hypothetical question. The hypothetical question did not include discredited subjective complaints of pain because the ALJ need only include impairments the ALJ accepted as true. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam).
 
 
 8
 The record indicates that Summers did not regularly visit his treating physician and did not continue treatment for his ulcers due to his inability to afford care. However, substantial evidence on the record as a whole indicates that Summers's subjective complaints of pain were inconsistent with the medical evidence and the ulcer condition was not an element in his alleged inability to work. Cf. Reed v. Sullivan, 988 F.2d 812, 819 n. 6 (8th Cir. 1993) (a claimant that cannot afford and obtain treatment continues to be disabled). On appeal, Summers emphasizes that one of his medications makes him drowsy, but the record indicates that the drowsiness is occasional and would not affect his ability to work. Thus, substantial evidence supports the Secretary's ruling that the Secretary proved Summers could perform other work in the national economy.
 
 
 9
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri