32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Larry P. ANDERSON, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-2896.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 21, 1994.
Filed: August 2, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Anderson appeals the judgment of the district court[1] affirming the Secretary's denial of social security and supplemental security income benefits. We affirm.
 
 
 2
 "Our task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole." McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993). Substantial evidence is evidence a reasonable person might accept as adequate to support a conclusion. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992).
 
 
 3
 We need not address Anderson's argument that the administrative law judge (ALJ) did not consider medical evidence after February 1987, because Anderson did not raise it before the Appeals Council or the district court and has not shown that a manifest injustice will result by not addressing his argument. See Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993) (per curiam). In any event, the argument lacks merit because the Secretary's decision specifically discusses and evaluates the medical evidence accumulated after February 1987.
 
 
 4
 We find that substantial evidence on the record as a whole supports the Secretary's decision that Anderson's aortic stenosis, lower back problems, right leg thrombosis, substance abuse, and mental/emotional problems do not prevent him from performing some types of sedentary work. The ALJ did not err in discounting the conclusory statements of Anderson's treating physicians that he was unfit for sedentary occupations. The ALJ attached great weight to the treating physicians' impressions, comments, and diagnoses during the relevant treatment periods and incorporated those determinations in the hypothetical question answered by the vocational expert. The treating physicians' conclusory statements, submitted subsequent to the periods they treated Anderson and suggesting disability without supportive evidence on the record, do not overcome the substantial medical evidence supporting the Secretary's decision. See Browning v. Sullivan, 958 F.2d 817, 823 (8th Cir. 1992).
 
 
 5
 We determine that the ALJ fully considered and properly discounted Anderson's subjective complaints of pain under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted). The ALJ referred to the record showing that at times during the period for which Anderson claimed disability insurance benefits he could walk, drive a car, occasionally go to the beach, canoe, and portage; even during the period for which he claimed SSI he could walk and drive a car. Further, medical evidence for the SSI period attested to Anderson's mobility. Thus, the ALJ properly discredited Anderson's subjective complaints because they were inconsistent with the record and Anderson had made contradictory statements to physicians and hospitals which he attempted to disavow at the hearing. Moreover, the ALJ considered the severity of his complaints, aggravating factors, and functional restrictions in limiting the range of sedentary occupations which he determined Anderson could perform.
 
 
 6
 Anderson's request to remand the case for consideration of new evidence lacks merit. The "new" evidence-that Anderson still suffers low back pain, degenerative disc disease, and spinal ailments-is cumulative evidence that does not show a reasonable likelihood of changing the Secretary's determination. See Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, who adopted the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota