_____

No. 95-2022
_____

Henry Novotny,                         *
                                       *
          Appellant,                   *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  District of North Dakota.
Shirley S. Chater,                     *
Commissioner of Social                 *  [PUBLISHED]
Security Administration,               *
                                       *
          Appellee.                    *

_____

          Submitted:  November 17, 1995

             Filed:  December 27, 1995
_____

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     The claimant, Henry Novotny, appeals the district court's[1] judgment
affirming the denial of Social Security disability benefits.  Because the
decision of the administrative law judge (ALJ) is supported by substantial
evidence, we affirm.


     This action has a long procedural history which need not be fully
recounted here.  Henry Novotny filed for disability benefits under Title
II of the Social Security Act.  The ALJ denied Novotny's claim and the
Appeals Council denied his request for review.  Novotny appealed the denial
of benefits to the district court.  The district court granted the
Commissioner's motion for summary judgment, holding that evidence in the
record as a whole

_____

[1]The Honorable Patrick A. Comny, United States District Court
Judge for the District of North Dakota.

supported the ALJ's decision to deny benefits.  After review of the record, we find no error and affirm the district court.

At the time of the hearing in this case, Novotny was fifty-four years old and unemployed.  He had previously worked as a truck driver, which included loading and maintaining the truck.  Novotny received his General Equivalency Diploma (GED) in the early 1960s.  He alleged total incapacity for all substantial gainful employment as of November 2, 1989, due to pain in his shoulders, neck, back, hips, and knees.[2]

On appeal, Novotny first argues that the district court erred in disposing of this action through summary judgment.  Because Novotny raises this argument for the first time on appeal, we need not consider it.  See Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993) (per curiam).  Nevertheless, we conclude that the district court engaged in a proper review of the ALJ's decision and did not err in treating the motion for summary judgment as a motion to affirm the denial of benefits.  See, e.g., Browning v. Sullivan, 958 F.2d 817, 820 (8th Cir. 1992); Sykes v. Bowen, 854 F.2d 284, 285 (8th Cir. 1988) (per curiam).

Novotny also contends the ALJ erred in determining that he was not disabled.  Although Novotny advances several arguments, he essentially asserts that the evidence in the record is sufficient to establish that he is disabled.  Specifically, Novotny argues that he has shown that he suffers from sufficient subjective pain to justify an award of benefits.

We review the denial of social security benefits to determine whether substantial evidence in the record as a whole supports the ALJ's decision.  42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan,

---

[2]He also alleged pain in his dominant (right) hand and hearing loss in one ear.

942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The ALJ followed the five-step sequential analysis proscribed in the regulations. See 20 C.F.R. § 404.1520(a)-(f); see also 20 C.F.R. § 416.920. The ALJ concluded that Novotny had not engaged in substantial gainful employment since November 2, 1989, and that he suffered from severe physical impairments. The ALJ determined, however, that while Novotny is unable to perform his past relevant work as a truck driver/payload operator, he has the residual functional capacity to perform the full range of light work and a restricted range of medium work. Finally, the ALJ concluded that, based on the testimony of a vocational expert, Novotny is capable of performing unskilled, light exertional jobs. The ALJ, therefore, concluded that Novotny was not disabled.

Novotny argues that the ALJ, and the district court, erred in failing to consider testimony by himself and his wife that he is unable to work due to extreme pain. We have recognized on numerous occasions that an ALJ may reject the claimant's subjective complaints of pain, but the ALJ must "make an express credibility determination explaining his reasons for discrediting the complaints." Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir. 1991).

In the present case, the ALJ found that Novotny's testimony as to his extreme pain lacked credibility, as did the testimony of his wife.[3] The evidence demonstrated that Novotny had not sought any regular or sustained medical treatment, even though he described his pain on a scale of one to ten as a level of "ten." Moreover,

---

[3]The ALJ considered the testimony of Novotny's wife and discounted it based on her financial interest in the case. See, e.g., Ownbey, 5 F.3d at 345.

Novotny acknowledged that he was not using any prescription pain medication at the time of the hearing. The ALJ also found that Novotny's daily activities--e.g., carrying out the garbage, carrying grocery bags, driving his wife to and from work--were inconsistent with his allegation of extreme, persistent, and disabling pain. We conclude, therefore, that substantial evidence supports the ALJ's determination that Novotny's pain did not rise to the level of disabling. See Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991) (stating that "the real issue is how severe the pain is" not merely the presence of pain). The ALJ considered Novotny's subjective complaints of pain, found them unpersuasive, and set forth sufficient reasons for discrediting those complaints. Thus, "we have no basis in the record for rejecting the ALJ's analysis." Besler v. Sullivan, 963 F.2d 176, 178 (8th Cir. 1992) (citation omitted).

We conclude that the ALJ's denial of benefits is supported by substantial evidence and that the district court committed no error in its review of that decision. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-