_____

No. 96-1264
_____

David Barber,                          *
                                       *
     Plaintiff-Appellant,              *
                                       *  Appeal from the United States
     v.                                *  District Court for the Eastern
                                       *  District of Arkansas.
Shirley S. Chater,                     *
Commissioner, Social Security          *       [UNPUBLISHED]
Administration,                        *
                                       *
     Defendant-Appellee.               *


                    _____

                    Submitted:  June 13, 1996

                      Filed:  August 6, 1996
                    _____


Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Circuit   Judge,
and KORNMANN, District Judge.[*]


PER CURIAM.


     David Barber appeals the judgment of the district court[1] affirming
the Social Security Administration's denial of disability insurance
benefits.  We affirm.

_____

[*]The HONORABLE CHARLES B. KORNMANN, United States
District Judge for the District of Minnesota, sitting
by designation.

[1]The HONORABLE H. DAVID YOUNG, United States Magistrate
Judge for the Eastern District of Arkansas, to whom the case was
referred for final disposition by consent of the parties pursuant
to 28 U.S.C. § 636(c).

## I. BACKGROUND

David Barber, a thirty-eight year old man with a ninth-grade education and past relevant work experience as an assembly line worker, maintenance worker, and car detailer, first applied for disability benefits on August 30, 1988, claiming permanent disability due to neck and back injuries suffered when a transmission fell on him. Following the Social Security Administration's denial of benefits and a convoluted procedural history which we will not recount here, a second supplemental hearing was held on November 8, 1993, at which Barber, his wife, and a vocational expert each testified. The administrative law judge (ALJ) denied Barber disability benefits based on his finding that Barber was capable of performing past relevant work as a car detailer.

The ALJ followed the sequential five-step analysis set forth in the regulations. See 20 C.F.R. § 404.1520(a)-(f) (1993). The ALJ found that Barber had not engaged in substantial gainful activity since November 5, 1986. He also found that Barber suffered from a mild cervical disc degeneration and spondylosis at C4-5, borderline intellectual functioning, a dysthymic disorder, and a series of psychological disorders affecting his physical condition, including a mixed personality disorder NOS with passive/aggressive and schizotypal characteristics, a panic disorder with agoraphobia, and a somatoform pain disorder. The ALJ found, however, that these impairments were not severe enough to meet, or in combination, to equal a listed impairment. The key determination in this case is step four, in which the ALJ determines whether the claimant's impairment precludes him from performing past relevant work. 20 C.F.R. § 404.1520(e). The ALJ discredited Barber's subjective complaints of pain and found that Barber retained the residual functional capacity to perform work-related activities that did not involve heavy manual labor or work requiring overhead activities, or heavy repetitive pushing or

2

pulling. The ALJ also found that Barber's mental impairments would preclude him from performing only tasks involving unusual stress, highly complex tasks, or a high level of judgment. As a result, the ALJ found that Barber's impairments did not preclude him from performing past relevant work as a car detailer. Following the Appeals Council's denial of his request for review, Barber sought review in the district court. On January 3, 1996, the magistrate granted the Commissioner's motion for summary judgment and dismissed Barber's complaint. Barber appeals.

## II. DISCUSSION

We review the denial of social security benefits to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole. Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). We must affirm the decision of the ALJ so long as substantial evidence supports his position, regardless of whether substantial evidence supports an alterative conclusion. Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996).

Barber first argues that the ALJ improperly discounted his subjective complaints of pain. He points out that he has been diagnosed as suffering from a somatoform disorder, a psychiatric malady causing the victim to have an exaggerated perception of his physical ailments. The ALJ may not summarily dismiss a claimant's subjective claims such as a somatoform disorder without expressly determining that the claimant's testimony is not credible. Metz v. Shalala, 49 F.3d 374, 377 (8th Cir. 1995). Instead, the ALJ must consider the claimant's prior work history, as well as any observations by third parties regarding: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional

restrictions.  <u>Robinson v. Sullivan</u>, 956 F.2d 836, 839 (8th Cir. 1992).

The ALJ properly applied this framework by noting several telling inconsistencies that undermined Barber's complaints of pain, specifically: (1) a consistent absence of objective medical evidence supporting Barber's claimed level of pain; (2) repeated observations by treating physicians that Barber was deliberately exaggerating his symptoms; (3) Barber's relatively unrestricted range of daily activities; (4) Barber's sporadic and conservative treatment history coupled with the low dosage of his pain medication; and (5) Barber's poor work history.  "The ALJ may discount the claimant's allegations of pain when he explicitly finds them inconsistent with daily activities, lack of treatment, demeanor, and objective medical evidence."  <u>Jones</u>, 86 F.3d at 826.  Moreover, the ALJ made a specific finding that Barber's subjective complaints of disabling pain were simply not credible.  "If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment."  <u>Dixon v. Sullivan</u>, 905 F.2d 237, 238 (8th Cir. 1990).  Each of these inconsistencies is well-supported by the record, and the mere fact that the record does contain some support for Barber's claim that he is suffering from some degree of somatoform disorder does not require reversal in light of the ALJ's express credibility determination.  <u>See</u> <u>Metz</u>, 49 F.3d at 377. We conclude that substantial evidence supports the ALJ's evaluation of Barber's subjective complaints of pain, including his somatoform disorder.

Barber next contends that his mental impairments preclude his return to past relevant work as a car detailer.  The ALJ's finding that Barber's mental impairments would preclude him from performing only tasks involving unusual stress, highly complex tasks, or a high level of judgment, however, is also supported by substantial evidence.  Dr. William Wilkins rated Barber's capacity to return to work as fair to good.  Dr. Joseph Crupie found Barber "oriented to

time, place, and person" with a "low average IQ," "no gross cognitive deficit," and an adequate ability to concentrate. Dr. B. Eliot Cole found Barber to be "alert, pleasant, and cooperative" with no evidence of hallucinations or delusions and rated Barber's ability to return to work as fair. Dr. Ken Dowless found Barber to be "fully oriented and alert" although suffering from situational depression. A second consultation with Dr. Cole characterized Barber as alert and logical with "no problems with attention, but some difficulty with concentration."

This evidence supports the ALJ's determination that, despite Barber's depression and anxiety, he is still capable of communicating, behaving properly, exercising basic judgment, and carrying out simple instructions. While Dr. W. Gerald Fowler opined that Barber's mental impairments rendered him incapable of performing even a low stress job involving simple instructions, that diagnosis is at odds with the clear weight of the psychiatric record as a whole. Accordingly, the ALJ properly discounted Dr. Fowler's opinion in favor of the conflicting substantial evidence. Piepgras v. Chater, 76 F.3d 233, 236-37 (8th Cir. 1996).

## III. CONCLUSION

Accordingly, we affirm.


A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.