# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3132

———————

Gary Haggard,                                           *
                                                        *
            Appellant,                                  *
                                                        *   Appeal from the United States
      v.                                                *   District Court for the
                                                        *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,                         *
Social Security Administration,                         *
                                                        *
            Appellee.                                   *

———————

Submitted: February 12, 1999

Filed:  April 13, 1999

———————

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Gary Haggard appeals from the district court's[1] judgment affirming the denial of his application for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. We affirm.

———————

[1] The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was submitted by consent of the parties under 28 U.S.C. § 636(c).

# I.

Haggard is fifty-two years old and has a high-school education. His past relevant work includes twenty-eight years as a cable repairman for a telephone company. Haggard filed an application for disability insurance benefits on March 27, 1995, alleging a disability onset date of June 6, 1994. He claimed to be disabled because of cervical myelopathy[2] and the secondary effects of a surgical procedure to remove a tumor from his spine.

The Social Security Administration denied Haggard's application initially and again on reconsideration. Haggard requested and received a hearing before an administrative law judge (ALJ) on July 24, 1996. The ALJ evaluated Haggard's claim according to the five-step analysis prescribed by the Social Security Regulations. See 20 C.F.R. §§ 404.1520(a)-(f); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step process). The ALJ found that Haggard met the disability insured status requirements on June 6, 1994, and had not engaged in substantial employment since that date. At step three, the ALJ found that he suffered from severe myelopathy. Nonetheless, the ALJ concluded that Haggard did not have an impairment, or a combination of impairments, which met or equaled the criteria found in the Listings of Impairments. See Appendix 1, Subpart P, Regulations No. 4. The ALJ discredited Haggard's subjective complaints of pain based on a finding that they were inconsistent with the overall record and failed to meet the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). The ALJ further found that although Haggard was unable to perform work as a cable repairman, he retained the residual functional capacity to perform light work. Based on the testimony of a vocational expert, the

---

[2]"Myelopathy" is "a general term denoting functional disturbances and/or pathological changes in the spinal cord . . . ." Richard Sloane, The Sloane-Dorland Annotated Medical-Legal Dictionary 470 (1987).

ALJ concluded that Haggard could perform a significant number of jobs located in the regional economy and therefore was not disabled.

The Appeals Council denied Haggard's request for further review, and the ALJ's decision thereby became the final decision of the Commissioner. Haggard subsequently appealed to the district court pursuant to 42 U.S.C. § 405(g). The district court granted the Commissioner's motion for summary judgment, finding that substantial evidence supported the Commissioner's decision to deny Haggard disability benefits. Haggard raises the following two issues on appeal: (1) whether the ALJ properly discounted his subjective complaints of pain as not credible and, (2) whether the hypothetical question presented to the vocational expert accurately described the full extent of his limitations.

## II.

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). In determining whether the existing evidence is substantial, "we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it." Id. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. See Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993).

We first consider Haggard's argument that the ALJ improperly discredited his subjective complaints of pain. "As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is." Spradling v. Chater, 126 F.3d 1072, 1074 (8th Cir. 1997) (quoting Woolf, 3 F.3d at

1213).  When considering a claimant's subjective complaints of pain, the ALJ is required to make a credibility determination by taking into account: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions.  Polaski, 739 F.2d at 1322.  Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints.  Id.

The ALJ considered the evidence in light of the foregoing factors and concluded that Haggard's subjective complaints of pain were not credible to the extent alleged.  The ALJ found that Haggard's daily activities were inconsistent with a claim of disabling pain.  Haggard testified that he was able to cook some meals, water the flowers around his house, help his wife paint, watch television, go out for dinner, occasionally drive an automobile, and occasionally visit with friends.  Although we have acknowledged that a claimant need not be totally bedridden to be disabled, Haggard's daily activities do not support a finding of total disability.  See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995); Nguyen v. Chater, 75 F.3d 429 (8th Cir. 1995); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995).  The ALJ also found that "the symptomatology suffered by the claimant is not of a duration, frequency or intensity as to be disabling nor would it preclude the performance of light work, subject to the following limitations:  a sit/stand option, a decrease in his left hand grip strength, and limited ability of flexing his neck looking up and down."  Admin. Tr. at 14.  We will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's subjective complaints of pain.  See Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993).  Thus, the evidence as a whole supports the ALJ's conclusion that Haggard's testimony was credible to the extent that he has some pain, but not to the extent that he cannot perform any type of work. See Woolf, 3 F.3d at 1214.

Haggard also argues that the ALJ failed to give adequate weight to the opinions of his treating physician, Dr. Kenneth Tonymon. See Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (stating that the medical reports of a treating physician are entitled to greater weight than the opinion of a consulting physician). Dr. Tonymon stated that Haggard was "having difficulty doing things that [were] required of him with his upper extremity strength," and that Haggard was not "in any shape to return to employment and . . . should go ahead and seek retirement." Dr. Tonymon's opinions, however, are not supported by his own findings or the diagnostic data. A treating physician's opinion is afforded less deference when the medical evidence in the record as a whole contradicts the opinion itself. See Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996); Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir. 1996).

The ALJ concluded that Haggard could not perform the work of a cable repairman but did possess the ability to perform light sedentary work. The burden therefore shifted to the Commissioner to prove that a significant number of jobs existed in the regional economy that Haggard was capable of performing. The ALJ asked a vocational expert to consider an individual with the same age, education, and work experience as Haggard with the following limitations: limited ability in flexing his neck to look up and down, the need for a sit/stand option during an eight-hour work day, and significant loss of grip strength in his left hand. The vocational expert testified that such a person could perform the work of a dispatcher or button reclaimer.

A vocational expert's testimony "based on a properly phrased hypothetical question constitutes substantial evidence." See Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (citations omitted). Haggard argues that the ALJ improperly formulated the hypothetical question by failing to include the full extent of his limitations. Specifically, he contends that the ALJ should have included his complaints of pain, headaches, and carpal tunnel syndrome in the hypothetical question.

A hypothetical question "is sufficient if it sets forth the impairments which are accepted as true by the ALJ." See Davis v. Shalala, 31 F.3d 753, 755 (8th Cir. 1994) (quoting Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir. 1985)).  In this case, the hypothetical question included only those limitations supported by the record as a whole.  The ALJ properly reviewed the medical evidence and considered Haggard's daily activities and found that, together, they were inconsistent with a claim of total disability.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.