# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3155

_____

| | | |
|---|---|---|
| Gary Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 6, 2000
Filed: July 14, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Gary Williams appeals the District Court's[1] order affirming the Commissioner's decision to deny his applications for disability insurance benefits and supplemental security income. Williams had alleged he could not work because of back and neck injuries and post traumatic stress disorder (PTSD). After a hearing, the administrative law judge (ALJ) concluded, based upon the testimony of a vocational expert (VE), that Williams was not disabled because, although he could not perform his past relevant

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

work (PRW), he had the residual functional capacity to perform the sedentary sit-stand work identified by the VE. We affirm.

On appeal Williams argues the ALJ erred by (1) failing to evaluate under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), his testimony and third-party testimony regarding subjective complaints of pain; (2) finding him not disabled despite his limited daily activities; (3) discrediting his subjective complaints based upon only one inconsistency in his testimony; (4) accepting the opinions of Drs. Jose and Michael Navato over the opinions of Frank DeCastro and Drs. Miskew, Ray, and Allen; and (5) posing an inadequate hypothetical to the VE. Williams also contends the District Court erred by discounting treating physician Stephen Pecoraro's verification (submitted to the Appeals Council) that Williams needed to lie down daily. Finally, Williams suggests the Appeals Council improperly failed to consider the state's disability determination. After a thorough review of the record, and for the reasons discussed below, we conclude the ALJ's findings are supported by substantial evidence on the record as a whole. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995) (standard of review where new evidence was considered by Appeals Council).

Although the record shows Williams suffered pain and emotional trauma following an October 1993 accident (the alleged onset of Williams's disabling conditions), the issue before the ALJ was whether these conditions were disabling. See Riggins v. Apfel, 177 F.3d 689, 692 (8th Cir. 1999) ("'As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is.'" (citation to quoted case omitted)). The ALJ acknowledged the Polaski factors before explaining why he was discrediting Williams's testimony, see Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999) (declining to disturb decision of ALJ who considered, but for good cause expressly discredited, claimant's subjective complaints of pain); and he also considered and properly discounted the third-party testimony, which the ALJ found to be based on the witnesses' interest in seeing Williams obtain benefits, see Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) (citing

authority for proposition that ALJ was free to discredit suspect testimony of claimant's witnesses).

Next, we find Williams's daily activities--which included tending a garden, mowing three acres in short spurts, cooking for and feeding his quadriplegic landlord, driving, periodically caring for his son, attending school part-time, and often visiting friends and family--support the ALJ's finding that he was able to perform sedentary work. See Haggard, 175 F.3d at 594 (concluding that, where claimant could cook some meals, water flowers, help his wife paint, watch television, go out for dinner, and occasionally drive car and visit friends, his activities did not support finding of total disability). Although the ALJ noted only one internal inconsistency in Williams's testimony, the ALJ discredited Williams's testimony by specifying multiple other inconsistences in the record as a whole. See Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999).

We also conclude that the District Court properly discounted Dr. Pecoraro's verification that Williams needs to lie down daily, as it was supported only with a statement indicating Williams had chronic back pain. See Burress v. Apfel, 141 F.3d 875, 880 (8th Cir. 1998) (noting that treating physician's opinion is usually entitled to substantial weight, but opinion must be supported by medically acceptable clinical or diagnostic data). Further, the Appeals Council was not required expressly to discount the state's disability finding, as the state's finding was not conclusive in this proceeding under federal law, see Cruze v. Chater, 85 F.3d 1320, 1325 (8th Cir. 1996) (holding that claimant's designation as disabled under state law is not binding on Commissioner), and it was based on Williams's inability to perform his PRW.

Although DeCastro's psychiatric review technique form (PRTF) findings indicate Williams met the listing-level requirements for affective and anxiety disorders, they were inconsistent with Dr. Allen's PRTF findings and the global-functioning ratings of Dr. Ray and both Drs. Navato. See Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999)

("The ALJ may reject the conclusions of any medical expert . . . if they are inconsistent with the record as a whole."). Also, Dr. Miskew only referred Williams for an evaluation of PTSD, Dr. Allen diagnosed only mild PTSD and an adjustment disorder, and although he diagnosed PTSD, Dr. Ray found only "some" difficulty in Williams's occupational functioning. Thus, we conclude that the ALJ correctly noted the inconsistencies as to the severity of Williams's mental condition and did not improperly rely only on the opinions of the Drs. Navato in reaching his conclusion. Cf. Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) ("The opinion of a consulting physician who examines a claimant once . . . does not generally constitute substantial evidence.").

Because the ALJ properly discounted DeCastro's mental-restriction findings and the evidence as to Williams's need to lie down daily, we find that the ALJ's hypothetical was adequate, see Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir. 2000) (noting that ALJ was not required to include impairments in hypothetical that were not supported by the record), and therefore that the VE's testimony constituted substantial evidence, see Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-