# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-4105

———————

Arthur J. Broadway,                    *
                                       *
            Appellant,                 *
                                       *   Appeal from the United States
    v.                                 *   District Court for the
                                       *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,        *
Social Security Administration,        *        [UNPUBLISHED]
                                       *
            Appellee.                  *

———————

Submitted: September 7, 2000
Filed: October 2, 2000

———————

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

———————

PER CURIAM.

Arthur J. Broadway appeals the District Court's[1] order affirming the Commissioner's decision to deny his applications for disability insurance benefits and supplemental security income. After a careful review of the record and the parties' briefs, we conclude that the decision of the administrative law judge ("ALJ") is

———

[1] The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

supported by substantial evidence.  See Rehder v. Apfel, 205 F.3d 1056, 1059 (8th Cir. 2000) (standard of review).  Specifically, we find that (1) Broadway failed to meet the obesity requirements under 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.09 (1999) for 12 consecutive months; (2) the ALJ properly discredited his subjective complaints of pain to the extent alleged.  See Haggard v. Apfel, 175 F.3d 591, 594-95 (8th Cir. 1999) (decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints of pain will not be disturbed); (3) the ALJ's finding that Broadway is capable of performing his past relevant work as "an automobile sales/car dealer" is consistent with his residual functional capacity; and (4) the ALJ's hypothetical to the vocational expert ("VE") was adequate, as the VE clarified his understanding of the sitting and standing restrictions, and the limitations in the hypothetical accounted for the level of pain the ALJ found credible.  See id. at 595 (VE's testimony based on properly phrased hypothetical constitutes substantial evidence; hypothetical is sufficient if it sets forth impairments ALJ accepts as true).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.