# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3438

_____

Raymond J. Wermers,                           *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   District of South Dakota
Kenneth S. Apfel, Commissioner                *
of Social Security,                           *       [UNPUBLISHED]
                                              *
            Appellee.                         *


_____

Submitted:  November 7, 2000

Filed:  November 15, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Raymond J. Wermers appeals from the final judgment entered in the District Court[1] for the District of South Dakota affirming the Social Security Commissioner's decision to deny his application for supplemental security income (SSI). For reversal,

_____

[1]The Honorable Lawrence J. Piersol, United States District Judge for the District of South Dakota.

appellant argues the denial of benefits is not supported by substantial evidence because the administrative law judge (ALJ) erred in: (1) concluding he was not severely disabled from neurological complications following a 1976 fall, and not finding his onset date retroactive to 1976; (2) permitting the vocational expert (VE) to testify as to his vocational abilities; (3) misstating his physical abilities in hypothetical questions to the VE; (4) considering Dr. Theresa Campbell's opinion; and (5) not referring him for a consultative medical examination. For the reasons discussed below, we affirm the judgment of the district court.

At a hearing before the ALJ, Wermers testified that he suffers from back and neck pain and neurological problems. Following the hearing, the ALJ found that Wermers's impairments were not of listing-level severity and that Wermers retained the residual functional capacity to perform medium-exertional, unskilled work. Considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ discounted Wermers's subjective complaints of disabling pain, finding them inconsistent with the medical evidence and the information Wermers provided in written reports.

We conclude substantial evidence in the record supports the ALJ's decision. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review). First, the only evidence of any neurological complications from Wermers's 1976 fall was his testimony, which the ALJ properly discredited based on the lack of supporting medical evidence and on Wermers's description of his daily activities. See Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000) (ALJ's finding that claimant's impairments were not severe was supported by inconsistencies between subjective complaints, medical record, and daily activities). Wermers, moreover, cannot receive SSI benefits for any months preceding the filing of his application. See Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir. 1989). Second, the VE was qualified to testify. Third, in the hypothetical questions to the VE, the ALJ accurately characterized Wermers's testimony--to the extent the ALJ found it credible--about his physical abilities. See

Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999); Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999). Fourth, the ALJ properly considered Dr. Campbell's opinion, because it was formed after examining Wermers and reviewing his x-ray results, and it was consistent with other treating physicians' diagnoses. Cf. 20 C.F.R. § 416.927(d)(2) (2000) (treating physician's opinion is accorded controlling weight when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in record). Last, the ALJ was not obligated to order a consultative examination, because he had sufficient evidence from Wermers's treating physicians to make a determination regarding the alleged physical impairments. See id. § 416.917 (when claimant's medical sources do not give ALJ sufficient medical evidence about impairments to determine whether claimant is disabled, ALJ may order consultative examination).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.