# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2217

_____

Annette Olson,                                    *
                                                  *
       Appellant,                              *
                                                  *
                                                  *    Appeal from the United States
    v.                                          *    District Court for the
                                                  *    Southern District of Iowa.
Kenneth S. Apfel, Commissioner of                 *
Social Security,                                  *         [UNPUBLISHED]
                                                  *
       Appellee.                               *

_____

Submitted:  February 7, 2001
Filed:   February 16, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Annette Olson appeals the District Court's[1] order affirming the Commissioner's decision to deny her applications for disability insurance benefits and supplemental security income.  In August 1996 Olson alleged disability since June 1995 from, inter alia, diabetes, carpal tunnel syndrome, thoracic herniated discs, and rib and pelvic pain. Following an October 1997 hearing at which a vocational expert (VE) testified, an administrative law judge (ALJ) found Olson not disabled because she could perform

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

the light unskilled jobs identified by the VE. Olson then submitted to the Appeals Council a 1998 letter from her treating endocrinologist, Dr. Robert Bar, in which he opined that she was disabled. Having carefully considered the record, including the evidence submitted to and considered by the Appeals Council, we affirm. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (setting forth standard of review).

Olson first argues that the ALJ incorrectly found her subjective complaints not credible, suggesting that factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (Order) were improperly applied. We disagree. After thoroughly summarizing the medical evidence and testimony, and citing the Polaski factors, the ALJ expressly discredited Olson's subjective complaints and cited specific reasons for his findings as required. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (holding that ALJ need not discuss methodically each Polaski factor so long as factors are acknowledged and examined); Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999) (concluding that reviewing court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints).

Olson also contends that the ALJ erred by discounting Dr. Bar's opinion. This argument also fails. First, Dr. Bar's 1998 letter contained only general statements that Olson's pain increased with activity, lifting, climbing stairs, and bending. See Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (finding that physician's vague opinion of limited value and not deserving of deference). Second, although Dr. Bar cited test results, see Cunningham, 222 F.3d at 502 (explaining that treating physician's opinion should be given controlling weight if well supported by acceptable diagnostic techniques), he failed to mention the numerous notations he made in her medical records of her inconsistent monitoring and recording of her blood sugars and her failure to eat at proper times. Third, he noted her diabetes-related gastric problems, but these symptoms improved with treatment, see Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (holding that if impairment can be controlled by treatment, it cannot be

considered disabling); and although he suggested she had diabetic neuropathy, nothing in the record confirms such a diagnosis, see Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) (affirming that ALJ may reject conclusions of any medical expert if inconsistent with record as whole).

Finally, Olson argues that the hypothetical posed to the VE was flawed. The hypothetical included those limitations the ALJ had found supported by the record, and Dr. Bar's 1998 letter did not specify further limitations. The hypothetical was therefore proper, and the VE's related opinion about what jobs Olson could perform constituted substantial evidence supporting the denial of benefits. See Roberts v. Apfel, 222 F.3d 466, 471 (8th Cir. 2000).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.