# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-1910

———————

Helen Smith,

           Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

           Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas
\*
\*     [UNPUBLISHED]
\*
\*

———————

Submitted:  November 24, 2003

Filed:  December 17, 2003

———————

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

———————

PER CURIAM.


      Helen Smith appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas affirming the Commissioner's decision to deny her applications for widow's insurance benefits and supplemental security income.  For

———————

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

reversal Smith argues the administrative law judge (ALJ) erred in discounting her subjective complaints of pain, in characterizing her past relevant work (PRW) as light work and finding she could perform it, and in failing to evaluate her physical and mental impairments and their combined effect on her residual functional capacity (RFC). For the reasons discussed below, we affirm the judgment of the district court.

We conclude that substantial evidence supports the ALJ's findings. <u>See</u> <u>Anderson v. Barnhart</u>, 344 F.3d 809, 812 (8th Cir. 2003) (standard of review). The ALJ adequately explained his credibility findings by listing the relevant factors from <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984), and noting the scant objective medical evidence and Smith's failure to seek aggressive treatment for pain. <u>See</u> <u>Haggard v. Apfel</u>, 175 F.3d 591, 594 (8th Cir. 1999) (decision of ALJ who considers but for good cause expressly discredits claimant's subjective complaints will not be disturbed). Based on Smith's description of her PRW and the description of cashier work in the <u>Dictionary of Occupational Titles</u>, the ALJ properly identified Smith's PRW as light work. Further, the ALJ properly found Smith could perform light work based on what she testified she could do (to the extent her testimony was credited) and the lack of any functional restrictions by her treating physicians. <u>See</u> <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir. 2001) (it is claimant's burden to prove RFC, and ALJ's responsibility to determine RFC based on medical records, observations of treating physicians and others, and claimant's description of limitations). Because Smith had no mental impairments, the ALJ did not err in failing to evaluate them in combination with her physical impairments.

Smith raises additional points in her brief, but we find them to be meritless.

Accordingly, we affirm.

_____