**Kenneth C. RATER, Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Appellee.**

No. 95–1654.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1995.

Decided Jan. 10, 1996.

Robert W. Pratt, Des Moines, Iowa, argued (Max Schott, on the brief), for appellant.

Sally Renee Johnson, Assistant U.S. Attorney, Omaha, Nebraska, argued (Jamie G. Crawford, Assistant Regional counsel, on the brief), for appellee.

Before McMILLIAN, BRIGHT and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Kenneth Rater appeals from a final order entered in the United States District Court [1] for the District of Nebraska affirming the

---

1. The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

final decision of the Commissioner of Social Security (Commissioner). *Rater v. Shalala,* No. 8CV–555, 1995 WL 811933 (D.Neb. Jan. 19, 1995) (Memorandum and Order). Rater applied for disability insurance benefits in March 1992, alleging that he suffered from persistent low back and leg pain stemming from workplace injuries. The district court found that substantial evidence in the record as a whole supported the decision of the administrative law judge (ALJ) that Rater was not disabled and was therefore not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. For reversal, Rater argues the ALJ erred in concluding that his former position as "incinerator operator/watcher" constituted "past relevant work" under step four of the sequential evaluation process. For the reasons discussed below, we affirm the order of the district court.

## Background

Rater was fifty-eight years old at the time of the administrative hearing. He had completed high school and had attended business school for approximately eleven months. He has worked as a laborer at the Firestone Tire & Rubber (Firestone) plant in Des Moines, Iowa, since April 1968. After injuring his back in a 1981 workplace injury, Firestone placed Rater in a department composed primarily of light-dutied individuals where he operated a machine to "re-roll" cloth banners. In 1983, Rater again injured his back. By the time he returned to work in May 1984, Firestone had substantially eliminated the light-dutied department. Thus, Rater was assigned the position of "incinerator operator/watcher," a job which primarily entailed watching the incinerator and shutting it down if the operator were

injured or experienced any other difficulty. Firestone had developed this position to address safety concerns regarding the incinerator. Rater held this position for eleven months, until the company's industrial engineering department restructured the job duties in the incinerator area, thereby eliminating the watcher position.

Rater applied for disability benefits in March 1992, alleging he suffered from persistent low back and leg pain. After his application was administratively denied twice, Rater requested and obtained a hearing. At the hearing, a vocational expert classified Rater's past relevant work as an incinerator operator/watcher as unskilled and sedentary. The vocational expert also stated that Rater could perform his past relevant work as an incinerator operator/watcher. When asked whether that job existed in the national economy, the vocational expert replied, "[i]t's very unusual and I don't think there would be ten people in Nebraska that did it." After the hearing, the ALJ denied Rater's application for disability benefits, concluding that he was not disabled because he has the residual functioning capacity to perform his past relevant work as an incinerator operator/watcher. The Appeals Council denied Rater's request for review and the ALJ's decision became the final decision of the Commissioner. Rater sought judicial review and the district court entered judgment in favor of the Commissioner. Rater then perfected this appeal.

## Discussion

The Commissioner has established a five-step sequential evaluation process to determine whether claimants are eligible for Social Security disability benefits.[2] *See Bowen*

---

**2.** The first step determines whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied. 20 C.F.R. §§ 404.1520(a), (b), 416.920(a), (b). If the claimant is not engaged in such activity, the process moves to the second step, which determines whether his or her impairment is "severe"—i.e., one which significant limits his or her ability to perform basic work activities. If the impairment is not severe, benefits are denied. §§ 404.1520(c), 416.920(c). If the impairment is severe, the third step determines whether it meets or equals those set forth in the "Listing of

Impairments" contained in subpart P, appendix 1, of the regulations, 20 C.F.R. §§ 404.1520(c). If the impairment meets or equals a listed impairment, the claimant is conclusively presumed to be disabled and entitled to benefits. If the claimant's impairments are not listed, the process moves to the fourth step, which evaluates the individual's "residual functioning capacity" (RFC), or capacity to engage in basic work activities. If the claimant's RFC permits him to perform his past relevant work, benefits are denied. § 404.1520(e). If the claimant is not capable of performing his past relevant work, the analysis

*v. City of New York*, 476 U.S. 467, 470–73, 106 S.Ct. 2022, 2024–26, 90 L.Ed.2d 462 (1986) (*Bowen*); *Martin v. Sullivan*, 901 F.2d 650, 652 (8th Cir.1990) (*Martin*). At step four, the ALJ must determine whether or not the claimant is able to return to his or her past relevant work. The Social Security regulations define "past relevant work" as "work experience [which] ... was done within the last fifteen years, lasted long enough for [the claimant] ... to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). If the claimant is found to be able to perform the duties of his [or her] past relevant work, then he or she is considered not disabled and therefore ineligible for benefits. *Bowen*, 476 U.S. at 471, 106 S.Ct. at 2025; *Martin*, 901 F.2d at 652.

On appeal, Rater concedes that he is able to perform the duties of an incinerator operator/watcher. He argues, however, that the Commissioner erred in determining that this position constituted past relevant work under step four because the Commissioner failed to prove that it exists in significant numbers within the national economy. Although acknowledging that the Secretary's regulations do not expressly require a claimant's past relevant work to exist in significant numbers, he argues that the "plain language of the Social Security Act [the Act] itself ... would appear to require that a claimant's previous work must still exist in significant numbers in order for it to interrupt the sequential evaluation process at step four with a finding of 'not disabled.'" Brief for Appellant at 18–19. The Act provides in pertinent part:

> An individual shall be determined to be under a disability only if [the individual's] ... impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot engage in any other kind of substantial gainful work which exists in the national economy.... For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). Rater argues that the quoted language contemplates "previous work" as representing one "kind of substantial gainful work which exists in the national economy;" he therefore contends that the term "previous work" is modified by the qualifying phrase "which exists in the national economy." Relying on the definition of "work which exists in the national economy" in the second sentence of the quoted language, Rater argues that a claimant's "previous work" must exist in significant numbers in the national economy in order to constitute past relevant work. In support of this view, he cites *Kolman v. Sullivan*, 925 F.2d 212, 213–14 (7th Cir.1991) (*Kolman*). In *Kolman*, the Seventh Circuit held that a "nonexistent makework training job" that had been created under the auspices of a federal vocational program no longer in operation was not past relevant work because it did not exist in significant numbers within the national economy. *Id.* Characterizing his previous job as an incinerator operator/watcher as temporary and makeshift, Rater argues that the holding and reasoning of *Kolman* has equal force in the present case.

In response, the Commissioner contends that the position of incinerator operator/watcher was neither temporary nor makeshift, but rather, a position Firestone was required to fill for safety reasons. Moreover, addressing the statutory interpretation proffered by Rater, the Commissioner contends that "it is only at step five of the sequential evaluation process that the existence of a significant number of jobs becomes relevant." Brief for Appellee at 10. She notes that Social Security Ruling 82–61, which outlines the Secretary's framework for evaluation at step four, adopts such an interpretation of the Act. Similarly, the Commissioner argues that recent cases have established that a previous job need not exist in significant numbers in the national economy in order to constitute past relevant work. *See, e.g., Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556–59 (6th Cir. 1995) (*Garcia*). (non-English speaking claim-

---

proceeds to the fifth and final step, which determines whether, in light of the claimant's RFC, age, education, and work experience, he or she has the capacity to perform any other work. 20 C.F.R. § 404.1520(f).

ant's previous job as car salesman in Puerto Rico constituted past relevant work even though it may not be available in significant numbers in United States for individual who spoke only Spanish); *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456–57 (9th Cir.1989) (*Quang Van Han* ) (finding claimant not disabled because he could perform past relevant work as herbal pharmacy clerk in Vietnam although that job did not exist in the United States). By analogy to the present case, the Commissioner maintains that the incinerator operator/watcher position constituted Rater's past relevant work despite the vocational expert's testimony that the job did not exist in significant numbers in the national economy.

We agree with the Commissioner that the ALJ properly concluded that Rater's previous position as an incinerator operator/watcher was past relevant work. First, in light of the fact that Firestone developed the position to improve the safety of the incinerator area, we conclude that the job was neither "makeshift" nor temporary. Upon a careful reading of *Kolman,* 925 F.2d 212 (7th Cir.1991), we find it distinguishable from the present case. The "information security guide" position at issue in that case, unlike the incinerator operator/watcher position at issue in the present case, was created pursuant to a federal vocational program and was designed to be a transitional job which would help prepare the employee for "real work." *Id.* at 213. By contrast, the record in the present case clearly indicates that Firestone developed the incinerator operator/watcher position to correct certain safety problems in the incinerator area. Further, the position may not be characterized as temporary merely because Firestone later eliminated it pursuant to a restructuring of the incinerator area.

In addition, we hold Rater's argument concerning the proper interpretation of 42 U.S.C. § 423(d)(2)(A) to be without merit. The statute does not require a particular job to exist in significant numbers in the national economy in order to constitute past relevant work. *See* Social Security Ruling 82–61.

We hold the ALJ did not err in concluding that Rater's former position as an incinerator operator/watcher constituted past relevant work under step four of the sequential evaluation process. Accordingly, the order of the district court is affirmed.