# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3379

_____

Dennis Terrell,                                   *
                                                  *
       Plaintiff - Appellant,           *   Appeal from the United States
                                                  *   District Court for the
   v.                                         *   Western District of Missouri.
                                                  *
Kenneth S. Apfel, Commissioner of                 *
Social Security,[1]                               *
                                                  *
       Defendant - Appellee.            *

_____

Submitted: February 13, 1998
Filed: June 5, 1998

_____

Before LOKEN and HANSEN, Circuit Judges, and DAVIS,[2] District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]Kenneth S. Apfel has been appointed to serve as Commissioner of the Social Security Administration and is automatically substituted as appellee.  See Fed. R. App. P. 43(c)(1).

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, sitting by designation.

Dennis Terrell appeals the district court's[3] order affirming the denial of his application for Supplemental Security Income (SSI) benefits under the Social Security Act, 42 U.S.C. § 1381a (1994). We affirm.

Terrell, who was forty-two years old at the time of the administrative hearing regarding his claim for SSI benefits, has a ninth grade education. He has previously worked as a musician, logger, truck driver, loader operator, security guard, and absentee owner/lessor of a logging truck. According to medical records, Terrell first injured his back in 1980 when he was kicked by a horse. He has suffered several other severe injuries to his back since that time and, as a result, has undergone multiple surgeries on his back. Terrell also has a personality disorder which has caused him to have slight deficiencies in his daily activities and social functioning. However, this personality disorder has not caused Terrell to withdraw from work settings. Terrell was addicted to pain killers at one time, although he is no longer dependent on them. Documents show that Terrell takes methadone to control this addiction.

Terrell owned a logging truck from 1988 until 1993. Terrell earned money by driving the truck and running a log loader until 1992 when injuries to his back prevented him from continuing to drive the truck. When he could no longer drive the truck, Terrell's brother, along with others, began to use Terrell's truck to deliver logs. Terrell was paid for the use of his logging truck by his brother and others. On his 1992 federal income tax return, Terrell reported that he earned $7,810 by leasing out his logging truck. On his 1993 return, he reported income of $8,186 from his logging truck operation. Terrell testified he was responsible for keeping the truck licensed and insured.

---

[3]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Hospital records from January 1993 show that Terrell was injured "when he slipped off a log loader." (R. at 284.) Terrell's doctor's notes, taken in August 1992, state that Terrell "runs a logging company for himself." (R. at 260.) The notes also state that Terrell "has recently had troubles because his truck engine blew [and] was repaired at great expense" to Terrell. (R. at 260.) In a vocational report prepared in 1994, Terrell stated that he worked as a truck driver from 1988 to 1993, and that this work involved driving a logging truck and running a log loader. (R. at 99-100.) July 1994 medical records report that Terrell had recently re-injured his back when he threw a chain over a logging truck. (R. at 304.) Other documents in the record indicate that Terrell was working with machinery and was loading logs during the time he claims he no longer drove his logging truck and simply owned and leased it. (R. at 266, 269, 304.)

Terrell filed the present application for SSI benefits on July 6, 1994, alleging he has been disabled since July 1980. His claim was denied initially on August 29, 1994, and on reconsideration on January 10, 1995. Terrell then filed a request for a hearing before an administrative law judge (ALJ), and a hearing was held on November 9, 1995. The ALJ denied Terrell SSI benefits in an order dated December 2, 1995, ruling that Terrell could return to his past relevant work as an absentee owner/lessor of a logging truck. After exhausting his administrative remedies, Terrell sought judicial review in the district court. On July 15, 1997, the district court granted the Commissioner's motion for summary judgment, ruling the ALJ's order denying SSI benefits was supported by substantial evidence. Terrell appeals.

Terrell's only claim on appeal is that the district court erred in upholding the ALJ's denial of SSI benefits because the ALJ incorrectly found that Terrell could perform his past relevant work as an absentee truck owner/lessor. Specifically, Terrell argues that being an absentee truck owner/lessor does not constitute past relevant work.

Our review is limited to whether the Commissioner's denial of benefits is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Grebenick v. Chater, 121 F.3d 1193, 1197-98 (8th Cir. 1997). "'Substantial evidence is that which a reasonable mind would find as adequate to support the Commissioner's decision.'" Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (quoting Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir.1996)). We must evaluate the evidence in the record that supports the ALJ's decision as well as that which detracts from it. Grebenick, 121 F.3d at 1193. "'We may not reverse merely because substantial evidence would have supported an opposite decision.'" Id. (quoting Gaddis v. Chater, 76 F.3d 893, 895 (8th Cir. 1996)). Thus, we must determine if there was substantial evidence in the record as a whole to support the ALJ's determination that Terrell could perform his past relevant work.

An ALJ uses the familiar five-step sequential evaluation process to determine if a claimant is eligible for SSI benefits. Id at 1198; 20 C.F.R. 416.920 (1997). At step four of this process, the claimant has the burden of proving that he or she cannot perform his or her past relevant work. Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995).

In this case, the ALJ began his analysis by presuming that Terrell was not presently engaged in substantial gainful activity. The ALJ next found that Terrell had severe impairments, but that none of these impairments or combination of impairments met or equaled the impairments listed in the regulations and that his complaints of disabling pain were not credible. The ALJ then determined that based on Terrell's residual functional capacity he could perform his past relevant work as an absentee truck owner/lessor. Because he found that Terrell could perform his past relevant work, the ALJ denied Terrell's claim for SSI benefits.

In determining whether a claimant can perform his or her past relevant work, social security regulations provide that the ALJ should normally only consider work

-4-

that meets the following requirements: (1) the claimant performed the work in the prior 15 years; (2) the work lasted long enough for the claimant to learn to do it; and (3) the work was "substantial gainful activity." See 20 C.F.R. § 416.965(a); Rater v. Chater, 73 F.3d 796, 798 (8th Cir. 1996); see also Social Security Ruling 82-61 (1982). "Substantial gainful activity" is defined by the Social Security regulations as work that "[i]nvolves doing significant and productive physical or mental duties" and "is done (or is intended) for pay or profit." 20 C.F.R. § 416.910; see also 20 C.F.R. § 416.972. Other regulations provide that "work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 416.972(a).

Terrell concedes that his prior work as an absentee truck owner/lessor was gainful—the record shows that Terrell earned income from the leasing of his logging truck to others. However, Terrell claims the record does not support a determination that his position as an absentee truck owner/lessor constituted "substantial" work. He cites his own testimony describing his absentee truck owner/lessor duties as simply receiving payments from the people who drove the truck for him and keeping the truck licenced and insured. These activities, Terrell claims, are merely evidence of the ownership of a capital asset and do not involve significant physical or mental duties as required by the regulations defining substantial work. See 20 C.F.R. §§ 416.910, 416.972.

We reject Terrell's argument because our examination of the record convinces us that there is substantial evidence to support the determination that Terrell's position as an absentee truck owner/lessor constitutes substantial work. We note that the ALJ specifically found that Terrell's testimony was inconsistent and was not credible. (R. at 14.) We will not disturb this credibility determination. Grebenick, 121 F.3d at 1200. The record shows Terrell was an active participant in the operation of his logging truck while he was an absentee truck owner/lessor. Documents show that Terrell's work as an absentee truck owner/lessor involved using construction machinery, operating the

-5-

logging truck, and running a log loader. (R. at 266, 269, 304.) Terrell was also responsible for keeping his logging truck licenced and insured, and he was responsible for having the truck repaired. (R. at 44-45, 260). Taken together, this evidence shows that Terrell was performing significant mental and physical activities in the operation of his logging truck. Therefore, there is substantial evidence that Terrell's past relevant work as a truck owner/lessor constitutes substantial gainful employment.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.