# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2998

_____

| | | |
|---|---|---|
| Ruby N. Dickerson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Kenneth S. Apfel, Commissioner | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 3, 2000
Filed: May 9, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Ruby Dickerson appeals the District Court's[1] order affirming the Commissioner's decision to deny her application for supplemental security income. Dickerson had alleged she could not work because of epilepsy, heavy menstrual flow, and a nervous condition. After a hearing, the administrative law judge (ALJ) concluded, based upon the testimony of a vocational expert (VE), that Dickerson was

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom this case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994 & Supp. III 1997).

not disabled because she had the residual functional capacity (RFC) to work as a handler and packer--light work involving simple and repetitive tasks, and allowing alternating sitting and standing. For reversal, Dickerson argues the ALJ erred (1) in concluding her impairments were severe, yet not disabling, and in discrediting her subjective complaints of pain, excessive menstrual bleeding, depression, anxiety, and impaired memory and concentration; (2) in formulating his hypothetical to the VE, because he ignored the opinion of Dr. Douglas Stevens, Dickerson's consulting psychologist; and (3) in failing to establish she had the RFC to meet the physical and mental demands of the identified jobs.

Contrary to Dickerson's suggestion, the ALJ's finding that her impairments were severe did not require a finding that they were also disabling. See 20 C.F.R. § 416.920(c), (e), (f) (1999) (claimant's impairment must be severe and also prevent claimant from performing past relevant work or other work). We also find the ALJ properly discounted her subjective complaints as inconsistent with the evidence as a whole. See Gray v. Apfel, 192 F.3d 799, 803-04 (8th Cir. 1999). At the hearing, Dickerson testified she had back pain, but described it as mild and dull, and admitted that she had obtained relief from medication without side effects. Moreover, no abnormalities were identified on x-rays, and she never sought treatment for her back. See Siemers v. Shalala, 47 F.3d 299, 301-02 (8th Cir. 1995) (complaints of disabling back pain properly discredited based, in part, on lack of clinical findings and claimant's failure to seek regular medical treatment). As to her leg pain, a report generated after an aorto-femoral bypass showed restored leg circulation, and Dickerson admitted that, since the surgery, she could walk farther and the pain had lessened. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (impairments controlled by treatment do not support finding of total disability). Although Dickerson alleged severe menstrual problems, after a specialist found no pathology she denied further bleeding to him and failed to follow up with him despite her reports to Dr. Stevens, only one month later, that she was bleeding excessively. Cf. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th

Cir. 1997) (failure to seek regular medical treatment for symptoms is inconsistent with complaints of disabling condition).

Similarly, we find inconsistencies in the record as to Dickerson's subjective complaints of her mental condition. She reported depression related to menstrual bleeding and to memory and concentration problems only in her single visit to Dr. Stevens, and his report showed inconsistent results as to a memory problem. See Clark v. Apfel, 141 F.3d 1253, 1256 (8th Cir. 1998) (ALJ properly rejected IQ test scores, in part, because they were product of claimant's first and only meeting with non-treating psychologist and because other medical records made no mention of intellectual impairment). Also, her primary physician, Dr. Cheney, did not refer her to a specialist or counselor for her anxiety complaints, or indicate the problem was disabling.

We also reject Dickerson's contention that the ALJ erred by failing to include Dr. Stevens's mental-function ratings in the hypothetical to the VE upon which the ALJ's decision was based, as he was not required to adopt Dr. Stevens's opinion, and the ALJ's mental RFC findings are otherwise supported by the record. See Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) (ALJ may reject conclusions of any medical expert if they are inconsistent with evidence as whole).

Finally, we conclude the ALJ's physical RFC findings are supported by the medical evidence, see Weiler v. Apfel, 179 F.3d 1107, 1109 (8th Cir. 1999) (Commissioner bears burden of establishing RFC by medical evidence), because two physicians, including Dr. Cheney, declined to report any physical-activity limitations and because the record reflects improvement in Dickerson's physical condition post-bypass. We also note that Dr. Cheney's conclusory opinion that Dickerson was permanently disabled was not dispositive. See Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997) (treating physician must support his opinion as to disability status with medically-acceptable clinical or diagnostic data); Chamberlain v. Shalala, 47 F.3d

1489, 1494 (8th Cir. 1995) (weight given to treating physician's opinion is limited if it consists only of conclusory statement).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.