# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2305

———————

James S. Brandner,                          *
                                            *    Appeal from the United States
        Appellant,       *    District Court for the District
                                            *    of North Dakota.
  vs.                                    *
                                            *             [UNPUBLISHED]
Kenneth S. Apfel, Commissioner              *
of Social Security,                         *
                                            *
        Appellee.        *

———————

Submitted: December 13, 2000
Filed: January 11, 2001

———————

Before LOKEN and HEANEY, Circuit Judges, and BATTEY,[1] District Judge.

———————

PER CURIAM.

James S. Brandner (Brandner) appeals the district court's[2] grant of summary judgment affirming the decision of the Commissioner of Social Security (the

———————

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Patrick A. Conmy, United States Senior District Judge for the District of North Dakota.

Commissioner) which denied Brandner's application for disability insurance benefits under the Social Security Act. For reversal, he contends that the administrative law judge (ALJ) failed to follow the five-step sequential process prescribed in the Social Security Regulations; improperly determined that Brandner's high cholesterol and back pain were not severe impairments; wrongly discounted his subjective complaints of pain; and failed to posit an accurate hypothetical to the vocational expert (VE). Brandner also argues that the Appeals Council wrongly discounted a post-hearing letter from his treating physician, Dr. Walter E. Frank (Dr. Frank), indicating he could lift no more than ten pounds and should avoid shoveling snow. See Administrative Record (A.R.) at 270.

After careful review of the administrative record, the district court's well-reasoned opinion, and the parties' arguments on appeal, we conclude substantial evidence in the record supports the ALJ's findings. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review where new evidence was considered by Appeals Council). We find no evidence in the record to support Brandner's assertion that the ALJ disregarded the five-step sequential process, see 20 C.F.R. §§ 404.1520(a)-(f), nor do we believe the ALJ erred in finding that Brandner's high cholesterol and back pain were not severe impairments, see Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000) (alleged impairments not severe when stabilized by treatment and otherwise generally usupported by medical record); see also Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (claimant bears the burden to establish severe impairments at step-two of the sequential evaluation); in discrediting Brandner's subjective complaints of pain, see Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999) (declining to disturb decision of ALJ who considered, but for good cause expressly discredits, a claimant's subjective complaints of pain); Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994) (medical evidence and daily activities that are inconsistent with complaints of disabling pain may provide basis for discounting subjective complaints); and in framing hypothetical questions for the VE, see Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir. 2000) (ALJ not required to include impairments in hypothetical that were

unsupported by the record).  Finally, we conclude that the Appeals Council correctly discounted the post-hearing letter from Brandner's treating physician, Dr. Frank.  See A.R. at 3 (Action of Appeals Council); Burress v. Apfel, 141 F.3d 875, 880 (8th Cir. 1998) (treating physician's opinion is usually entitled to substantial weight, but opinion must be supported by medically acceptable clinical and diagnostic data). Accordingly, we affirm the judgment of the district court.  See 8th Cir. R. 47B.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.