# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3473

_____

| | | |
|---|---|---|
| Kandice Raychenne Ball, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry G. Massanari,[1] Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 5, 2001
Filed: November 1, 2001

_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Kandice Raychenne Ball, through her mother Jo Karen McGuire, appeals the District Court's[2] order affirming the denial of child's supplemental security income.

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Ball had alleged disability since September 1993 from, inter alia, post-traumatic stress disorder, major depression with suicide attempts, and school phobia. After a hearing, the administrative law judge (ALJ), citing the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, § 211, 110 Stat. 2105 (codified at 42 U.S.C. § 1382c(a)(3)(C)(i), (ii) (Supp. IV 1998) (defining that a child is considered disabled if there is medically determinable physical or mental impairment resulting in marked and severe functional limitations lasting twelve months or longer), found that the medical evidence established medically determinable impairments, but not of listing-level severity; and that these impairments did not functionally equal a listing-level impairment. Having carefully reviewed the record, see Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999) (standard of review), we affirm.

Ball generally suggests that under the applicable guidelines she is disabled. We disagree. Under 20 C.F.R. § 416.924 (2000) (determining disability in children), the ALJ properly found that Ball's only medically determinable impairments were depression and drug use, and that Ball did not meet the requirements of Listing 112.04 (listing mood disorders in children). The record also supports the ALJ's finding, under the next step in the applicable sequential evaluation, see 20 C.F.R. § 416.924(a) (2000), that Ball's impairments were not functionally equal to a listed impairment, see 20 C.F.R. § 416.926a (2000) (defining functional equivalence in children). Further, as the District Court noted, there is evidence indicating that Ball improved when she took prescribed medications, see Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (concluding that impairments controlled by treatment do not support finding of total disability), and yet that she did not take those medications as prescribed, sometimes at her mother's direction, see 20 C.F.R. § 416.930 (2001) (describing the need to follow prescribed treatment); Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (concluding that failure to follow prescribed treatment without good reason is grounds for denying benefits).

We decline to address the evidence which was not before the Commissioner, see Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997), and the arguments which were not presented to the District Court, see Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000).

Accordingly, we affirm.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.