# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3614

_____

James Hightower, Sr.,                *
                                      *
         Appellant,            *
                                      *   Appeal from the United States
   v.                            *   District Court for the
                                      *   Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner of  *
the Social Security Administration,    *   [UNPUBLISHED]
                                        *
         Appellee.             *

_____

Submitted: May 6, 2003
Filed: May 12, 2003

_____

Before MELLOY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

James Hightower, Sr., appeals the district court's[1] order affirming the termination of disability insurance benefits. After previously being awarded benefits retroactive to 1983, Hightower was notified in 1996 that his benefits were being terminated pursuant to a drug and alcohol review. In July 1996 he challenged the termination, claiming disability since 1983 from bronchitis, hypertension, hepatitis,

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

and heart, liver, and spinal problems. After a hearing where a vocational expert (VE) testified, an administrative law judge (ALJ) determined that Hightower's chronic neck and back pain caused severe limitations, but he could perform the jobs the VE identified in response to a hypothetical the ALJ posed. Having carefully reviewed the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

Like the district court, we reject Hightower's contention that the ALJ should have applied the continuing-disability review procedures to his case. See Mittlestedt v. Apfel, 204 F.3d 847, 849, 851-52 (8th Cir. 2000). Contrary to Hightower's assertions, we conclude that the ALJ's finding as to his credibility was proper, see Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (credibility analysis); and that there is no indication he would meet the requirements of Listings 12.05 (mental retardation) or 12.08 (personality disorders) unless he continued to abuse alcohol, see Mittlestedt, 204 F.3d at 851 (key factor is whether claimant would still be disabled if he stopped using drugs or alcohol). His remaining arguments also provide no basis for reversal.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.