# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1912
_____

Leonard Quiver,                              *
                                             *
   Appellant,                 * Appeal from the United States
                                             * District Court for the
 v.                                      * District of South Dakota.
                                             *
Jo Anne B. Barnhart, Commissioner            * [UNPUBLISHED]
of Social Security,                          *
                                             *
   Appellee.                   *

_____

Submitted: December 30, 2003

Filed: January 23, 2004
_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.
_____

PER CURIAM.

  Leonard Quiver appeals the district court's[1] order affirming the denial of supplemental security income (SSI). Having carefully reviewed the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

After two unsuccessful applications for SSI--the latest of which was denied in August 1999--in September 2000 Quiver reapplied, alleging disability since August 1994[2] from, inter alia, hearing and vision problems, headaches, and arthritic pain in his feet, shoulders, hips, and hands. After a hearing, an administrative law judge (ALJ) determined that Quiver had the residual functional capacity (RFC) to perform his past relevant work as a telemarketer.

We reject Quiver's challenge to the ALJ's credibility findings. In discrediting Quiver, the ALJ specifically stated he had considered the factors listed in <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984), and then noted multiple valid reasons for discrediting Quiver's allegations of complete inability to work. Further, contrary to Quiver's assertions on appeal, in making his credibility determination the ALJ properly considered the lack of objective medical evidence, <u>see</u> <u>Curran-Kicksey v. Barnhart</u>, 315 F.3d 964, 968 (8th Cir. 2003) (lack of objective medical evidence is one factor to consider in evaluating claimant's credibility), and Quiver's reported daily activities, <u>see</u> <u>Hutton v. Apfel</u>, 175 F.3d 651, 654-55 (8th Cir. 1999) (credibility determination proper, where ALJ relied in part on claimant making breakfast, washing dishes and clothes, visiting friends, watching television, and driving; there is no doubt claimant is experiencing pain, but real issue is severity of pain). Thus, the ALJ's credibility findings were supported by substantial evidence. <u>See</u> <u>Lowe v. Apfel</u>, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make; ALJ need not discuss each <u>Polaski</u> factor, so long as he acknowledges and examines them).

---

[2]The period at issue here started in August 1999 when Quiver's prior application was denied and he did not appeal. <u>Cf.</u> <u>Rogers v. Chater</u>, 118 F.3d 600, 601 (8th Cir. 1997) (prior decision stood as final determination that claimant was not disabled on or before March 11, 1987, in part because claimant's prior application was rejected on initial determination on March 10, 1987, and she submitted nothing casting doubt on that decision).

Quiver also challenges the ALJ's RFC determination, suggesting that the ALJ improperly relied solely on the findings of consulting physician Kurt Stone, who examined Quiver in conjunction with his previous benefits application. We disagree. Quiver was properly discredited, and none of his treating health-care providers placed restrictions on him during the relevant period. The ALJ's RFC findings were supported by the RFC findings of the Social Security Administration's reviewing physicians, Quiver's testimony about how much he could lift, and the essentially normal physical-examination findings of a physician from whom Quiver sought treatment in September 2000. See Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003) (it is claimant's burden to prove RFC; ALJ is responsible for assessing RFC based on medical records, observations of treating physicians and others, and claimant's own description of his limitations). We also disagree with Quiver's assertion that there was "voluminous medical evidence" subsequent to Dr. Stone's examination.

Finally, Quiver contends that the ALJ failed to develop the record adequately by not arranging for an updated consultative examination. However, the record before the ALJ included the report of the September 2000 physical examination by a treating physician, and there was no indication in Quiver's medical records that his condition had significantly changed since the denial of his previous application in August 1999. See Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining additional medical evidence if existing evidence provides sufficient basis for decision).

Accordingly, we affirm.

_____