# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-1502

—————

| | | |
|---|---|---|
| Alice M. McKa, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Jo Anne B. Barnhart, Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

—————

Submitted: January 31, 2005
Filed: February 8, 2005

—————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

—————

PER CURIAM.

Alice M. McKa appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. In her February 1998 applications and related documents, McKa alleged disability since February 1996--later revised to August 31, 1996--from heart problems, a brain aneurysm, and radiating back pain. After a hearing, an administrative law judge (ALJ) determined

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

that McKa had severe chronic ischemic heart disease and a brain aneurysm,[2] but these impairments were not of listing-level severity alone or combined; that McKa had the residual functional capacity (RFC) to lift up to 20 pounds occasionally and 10 pounds frequently, and to sit, stand, or walk six hours in an eight-hour workday; and that McKa could perform her past relevant work as a dishwasher, furniture cleaner, and food preparer as she had described these jobs, i.e., at the light level. Having carefully reviewed the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review), we affirm.

McKa indirectly challenges the ALJ's decision to find her back and leg problems severe. While McKa underwent surgery in October 1998 for a large bulging lumbosacral disc and thereafter reported pain and limitations to her primary care physician, see 20 C.F.R. §§ 404.1520(c), 416.920(c) (2004) (to be severe, impairment must significantly limit physical or mental ability to do basic work activities), she bore the burden of establishing that her back and leg problems were severe despite surgery, see Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996), and the ALJ thoroughly discussed the medical evidence concerning McKa's back. The record shows that the surgeon opined McKa could work after her 1998 back surgery, and that McKa's primary care physician did not disagree. Also, McKa's primary care physician did not find it necessary to conduct further tests, and his examination findings were relatively mild. See Mittlestedt, 204 F.3d at 850-51 (reviewing court may not reverse merely because substantial evidence would also support opposite decision).

We reject McKa's challenge to the ALJ's credibility findings, as those findings were based on multiple valid reasons. See Hogan v. Apfel, 239 F.3d 958, 962 (8th

---

[2]It is unclear why the ALJ found a severe brain aneurysm and heart disease, as McKa's medical records indicate that an arteriogram ruled out an aneurysm and that cardiac testing revealed nothing abnormal.

Cir. 2001) (deference to ALJ is appropriate when he explicitly discredits claimant and gives good reasons for doing so).  We also reject McKa's challenge to the ALJ's RFC determination, because as previously noted McKa's surgeon opined that McKa could return to work after her 1998 back surgery and no other physician imposed restrictions on McKa's ability to work; McKa failed to offer any further opinions or records from her surgeon or her primary care doctor, see Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (claimant's counsel's failure to obtain records suggests they had only minor importance); and the ALJ's RFC findings were consistent with those of a Social Security Administration reviewing physician made after the surgery, see Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (ALJ is responsible for determining RFC based on observations of treating physicians and others, and claimant's own description of her limitations).

McKa's remaining arguments provide no basis for reversal.  Accordingly, we affirm.

_____