**Louise SELLS, Appellant,**

v.

**Donna E. SHALALA, Secretary, Department of Health and Human Services, Appellee.**

**No. 94–3094.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 27, 1995.

---

Anthony W. Bartels, for appellant.

Joyce Shatteen, Office of the Gen. Counsel, Dallas, TX, for appellee.

Before WOLLMAN, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Louise Sells is a 43–year–old woman with a ninth grade education. She is 5′4″ tall and weighs 180 pounds. Sells has held a number of jobs in the past, including truck driver, nurse's aide, waitress, and security guard. After filing an application for supplemental security income (SSI) benefits in September 1990, which was administratively denied, Sells filed a second application in July 1991 alleging disability due to neck, back, and shoulder problems. That application was also administratively denied. Sells sought review of her second application in federal district court, and that court dismissed her claim. Sells appeals, and we remand to the Secretary for a rehearing consistent with this opinion.

Following the sequential evaluation procedure used in social security determinations, the ALJ found that Sells was able to return to her past relevant work as a security guard, notwithstanding that she has a history of a work-related back injury, a mild herniated nucleus pulposus, and a history of bursitis. Sells contends that the ALJ's finding that she is able to return to her past work as a security guard is not supported by substantial evidence on the record as a whole. *See Kirby v. Sullivan*, 923 F.2d 1323, 1326 (8th Cir.1991).

The record contains some evidence of the physical demands of Sells' past work. In her initial application, Sells stated that her work as a security guard required her to write daily logs and walk through the plant on a daily basis making security checks. She indicated that she spent three hours a day walking around the plant, three hours a day standing, and two hours a day sitting. Admin.Rec. at 87. She stated that the job did not require any lifting or carrying and only occasional bending. *Id.* Her description is consistent with that set forth in the *Dictionary of Occupational Titles*, Code 372.667–038, which defines the duties of a security guard as follows:

> Patrols assigned territory to protect persons or property: Tours buildings and property of clients, examining doors, windows, and gates to assure they are secured. Inspects premises for such irregularities as signs of intrusion and interruption of utility service. Inspects burglar alarm and fire extinguisher sprinkler systems to ascertain they are set to operate. Stands guard during counting of daily cash receipts. Answers alarms and investigates disturbances. Apprehends unauthorized persons. Writes reports of irregularities. May call headquarters at regular intervals, using telephone or portable radio transmitter. May be armed with pistol and be uniformed. May check workers' packages

and vehicles entering and leaving premises.

Sells testified at the administrative hearing that she is unable to walk for thirty minutes at a time, and that she is unable to "stand for long periods at a time" before experiencing pain. Admin.Rec. at 53.

■ The only discussion in the ALJ's decision about Sells' ability to walk and stand—both salient components of Sells' past relevant work as a security guard—is a three-sentence summary of the findings of two doctors who examined Sells. Dr. Ramon Lopez, an orthopaedic physician whom Sells saw at the behest of her attorney, opined that Sells could not perform any work activities which require overhead work, lifting over twenty pounds, and pushing or pulling. *Id.* at 207. Dr. Sarah Hays, who performed a consultative examination on Sells, concluded that Sells had no demonstrable neurological findings and no limitations in her ability to lift, carry, stand, or walk. *Id.* at 298–99.

The ALJ is required to evaluate the claimant's ability to perform his or her past relevant work according to the following guidelines:

> Your impairment(s) must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairments(s), *we then review your residual functional capacity and the physical and mental demands of the work you have done in the past.* If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. §§ 404.1520(e) and 416.920(e) (1994) (emphasis added). According to the Secretary's interpretation of this regulation,

*see* S.S.R. No. 82–62, Soc.Sec.Rep. 809, 812 (West 1983)[1], the ALJ has a duty to "*fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before he determines that she is able to perform her past relevant work." *Nimick v. Secretary of Health & Human Serv.,* 887 F.2d 864, 866 (8th Cir.1989) (emphasis in original); *accord Kirby,* 923 F.2d at 1326. This court has held, consistent with Ruling 82–62, that "[a] conclusory determination that the claimant can perform past work, without these findings, does not constitute substantial evidence that the claimant is able to return to his [or her] past work." *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

The ALJ's discussion of Sells' limitations and the demands of her past work falls short of the standards required by the above-cited social security regulation and our decisions interpreting that regulation. Notably absent from the ALJ's decision is any mention of Sells' ability *specifically* to walk and stand for periods at a time. Further, Dr. Lopez's finding that Sells would be unable to perform work that involves overhead work, lifting of twenty pounds or more, and pushing or pulling, although illuminating with respect to Sells' ability *to perform work requiring upper-body strength,* sheds little, if any light, on her ability to walk and stand for periods at a time. Indeed, the relevance of Sells' ability to do any of these things is questionable since Sells stated that her job as a security guard did not require any lifting or carrying and only occasional bending. Also missing from the ALJ's decision are any findings

---

1. S.S.R. No. 82–62 provides in pertinent part:

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issues as clearly and explicitly as circumstances permit. *Sufficient documentation will be obtained to* support the decision. Any case requiring consideration of [past relevant work] will contain enough information on past work to permit a

decision as to the individual's ability to return to such past work....

Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source....

S.S.R. No. 82–62, Soc.Sec.Rep. 809, 811–12 (West 1983).

as to Sells' ability to tolerate the physical rigors of her past work as a security guard. *See Kirby,* 923 F.2d at 1327 ("A comparison of a claimant's residual functional capacity with the actual functional demands of her particular former work is essential to a determination that she is able to perform her past relevant work."). Because the ALJ failed to properly consider both Sells' present limitations and the demands of her past work, his determination that Sells could return to her past relevant work as a security guard is not supported by substantial evidence.

■ On remand the ALJ shall decide whether, in light of her disabilities, Sells is able to perform the standing and walking required in her past work as a security guard. To accomplish this, he may supplement the record with information from Sells' former employer about the physical demands of her work as a security guard. Alternatively, he may refer to the job descriptions in the *Dictionary of Occupational Titles,* as we have done here, for a definition of Sells' job as it is performed in the national economy. If, after proper review of an adequately developed record, the ALJ finds that Sells cannot return to her past relevant work, the burden will shift to the Secretary to prove the existence of other jobs in the national economy that Sells can perform. *See Talbott v. Bowen,* 821 F.2d 511, 514–16 (8th Cir. 1987). We do not discount the possibility that the ALJ may find there is other work in the local and national economies that Sells can perform, notwithstanding limitations on her ability to stand and walk.

Accordingly, we remand to the district with instructions to remand to the Secretary for a rehearing consistent with this opinion.