# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2638

_____

Kevin G. Manzer,                *
                               *

       Appellant,         *

                               *   Appeal from the United States

v.                    *   District Court for the

                               *   Western District of Arkansas.

Kenneth S. Apfel, Commissioner,   *

Social Security Administration,     *   [UNPUBLISHED]

                               *

       Appellee.         *

_____

Submitted:  May 2, 2000
Filed:   May 4, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

      Kevin G. Manzer appeals the district court's[1] order affirming the Commissioner's decision to deny his applications for disability insurance benefits and supplemental security income.  Manzer had alleged he could not work because of post-traumatic stress disorder and obsessive-compulsive problems.  After a hearing, the administrative law judge (ALJ) found that despite Manzer's severe mental impairments,

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

he could perform his past relevant work (PRW) as a clerk-cashier and was thus not disabled. For reversal, Manzer challenges the ALJ's credibility findings, and argues the ALJ erred in discounting the opinion of Dr. Douglas Stevens, Manzer's consulting psychologist, and failed to follow the proper procedure--at step four of the sequential evaluation process--for determining whether Manzer could perform his PRW.

Having carefully reviewed the record, including the additional mental health records considered by the Appeals Council, we conclude the ALJ's decision was supported by substantial evidence. See Frankl v. Shalala, 47 F.3d 935, 939 (8th Cir. 1995) (standard of review). We will not disturb the decision of an ALJ who seriously considers, but for good reason expressly discredits, a claimant's subjective complaints. See Haggard v. Apfel, 175 F.3d 591, 594-95 (8th Cir. 1999). The ALJ adequately supported his decision to discredit Manzer's subjective complaints of back and ankle pain by noting Manzer's failure to include them in his application, the negative findings in a consultative physical examination, and the lack of evidence that Manzer took pain medication. Additionally, there is no evidence Manzer sought treatment for his alleged back and ankle pain, and he reported that his daily activities were limited because of panic attacks and allergies, not pain. See Gwathney v. Chater, 104 F.3d 1043, 1044-45 (8th Cir. 1997) (claimant's complaints of disabling pain inconsistent with failure to take prescription pain medication or to seek regular medical treatment).

Similarly, the ALJ properly supported his rejection of Manzer's subjective mental complaints by noting his ability to drive three to five hours per week despite his alleged driving-related anxiety attacks, and the inconsistent testimony about the frequency of his panic attacks. See Jones v. Callahan, 122 F.3d 1148, 1151 (8th Cir. 1997) (subjective complaints may be discounted if there are inconsistencies in evidence as whole). Moreover, both consulting psychologists opined that further therapy was essential to improved functioning for Manzer, yet he had quit treatment in May 1994. There are inconsistencies in the record as to why he failed to seek further medical care:

-2-

he told Dr. Stevens that he could not afford therapy; he quit treatment in 1988 for unknown reasons, and in 1994 because he thought it increased his stress; and he stated at the hearing that he guessed "it just never [had] been that bad." See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (if impairment is amenable to treatment or medication, it cannot be considered disabling; failure to follow prescribed course of treatment without good reason is ground for denying benefits). As to Dr. Stevens's opinion, the ALJ was not required to adopt it. See Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) (finding of consultative physician who examines claimant once does not generally constitute substantial evidence).

We also conclude the ALJ followed the proper procedure in determining Manzer was capable of performing his PRW. The ALJ's findings as to Manzer's mental residual functional capacity (RFC) were consistent with those of the Social Security Administration psychologist and physician who reviewed Manzer's records. Further, although he was not required to do so at step four, the ALJ presented Manzer's physical and mental limitations to a vocational expert, which enabled the ALJ to verify that the physical and mental demands of Manzer's specific past jobs were commensurate with his RFC. See Sells v. Shalala, 48 F.3d 1044, 1046 (8th Cir. 1995) (proper procedure at step four of sequential evaluation process).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.