# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4167

_____

Ricky T. Parker,                              *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,               *
Social Security Administration,               *        [UNPUBLISHED]
                                              *
            Appellee.                         *

_____

Submitted:  October 5, 2000
      Filed:   October 17, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

      In October 1995 Ricky T. Parker applied for disability insurance benefits and
supplemental security income, alleging disability since July 1995 from a back injury.[1]
After a hearing, an administrative law judge ("ALJ") found that Parker had not engaged

_____

[1]Following a work-related back injury, Parker had been granted a closed period
of disability from March 1990 to August 1991, when he returned to substantial gainful
activity.  In later applications he claimed disabling back and leg pain since June 1994,
but he did not pursue them after the initial denial.

in substantial gainful activity since March 1995; that despite his severe degenerative spondylolisthesis (forward slip of the lumbar spine over the sacrum), degenerative disc disease, and headaches, he had the residual functional capacity ("RFC") to perform work at the medium exertional level; and that he could perform his past relevant work ("PRW") as a clothes presser, "car dealer," and "general laborer." In partially discrediting Parker's testimony, the ALJ opined that Parker's average work record neither added nor detracted from his credibility. He noted, however, that although Parker had alleged disability since June 1994 in his 1994 application, and testified his condition worsened after an August 1994 car accident, he had worked until March 1995; that there were inconsistencies between the objective medical findings and other (unspecified) evidence in the record; and that there was "simply not enough objective medical evidence" to support the alleged disabling pain.

After the Appeals Council denied review, the District Court affirmed the denial of benefits, and this appeal followed. Upon our careful review, see Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (standard of review), we conclude that remand is required for further development of the record.

Contrary to Parker's argument, we do not believe that the ALJ's conclusion that Parker was capable of performing medium work is unsupported merely because there were no physician RFC findings after Parker's August 1994 car accident. There were complete physical assessments from two 1995 Social Security Administration ("SSA") consultative examinations, as well as treating-physician findings in 1996 as to Parker's back condition. The ALJ is to assess and ascertain the claimant's RFC after considering the medical records, the observations of physicians and others, and the claimant's own descriptions of his limitations. See 20 C.F.R. §§ 404.1546, 416.946 (2000). The problem, as we see it, is that the ALJ discounted the December 1995 and February 1996 findings of an SSA physician and an SSA vocational analyst regarding Parker's limitations because the ALJ believed that more recent medical evidence showed Parker's condition had improved. The April 1996 treatment notes to which the

-2-

ALJ must have been alluding, however, indicate that Parker's lumbar range of motion was still limited, and they say nothing about his ability to squat and crouch. The ALJ's conclusion that Parker could perform a full range of medium work--as opposed to medium work with squatting and crouching limitations--is thus not supported by the medical findings or the observations of physicians, as required.

We also agree with Parker that the ALJ's PRW analysis was inadequate. Parker only testified about some of the job duties of his car-lot (not "car dealer") job, and his vocational report does not indicate whether the jobs noted by the ALJ were substantial gainful activity, when and how long he worked as a laborer and what kind of laborer he was, and what the demands were for the car-lot or presser jobs. In determining whether the claimant can perform PRW, the ALJ should consider work that (1) was performed in last 15 years, (2) lasted long enough for claimant to learn to do it, and (3) qualified as substantial gainful activity. See Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998). The ALJ also has a duty to fully investigate and make explicit findings as to the demands of the PRW and to compare that with what the claimant is capable of doing before the ALJ determines the claimant is capable of returning to his PRW. See Sells v. Shalala, 48 F.3d 1044, 1046 (8th Cir.1995). In fact, the ALJ found that Parker had not engaged in substantial gainful activity since March 1995, which would eliminate as PRW his May to September 1995 car-lot job. We also note that the Dictionary of Occupational Titles classifies "laborer-general" as heavy--not medium--work. See U.S. Dep't of Labor, Dictionary of Occupational Titles, 509.687-026 (4th ed. 1991). Thus, we conclude there is not substantial evidence in this record that any of these jobs qualified as PRW or that Parker was still capable of performing them.

Finally, Parker argues that the credibility findings are not supported by substantial evidence, as the ALJ relied only on the lack of objective medical evidence; and that the ALJ failed to specify his reasons for discrediting the testimony of Parker's brother. It is true that the ALJ did not articulate specific inconsistencies, other than Parker's working after the car accident that had allegedly worsened his back pain; and

so it appears that the ALJ primarily considered the lack of objective findings. See McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993) (lack of objective medical evidence to support subjective complaints is only one factor to consider in evaluating claimant's testimony). Because we are remanding for the reasons already discussed, the ALJ can take this opportunity to specify the inconsistencies in the record on which he relied to discount the testimony of Parker and his brother. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999) (decision of ALJ who considers, but for good reason expressly discredits, claimant's subjective complaints will not be disturbed).

Accordingly, we reverse and remand for further development of the record as to Parker's PRW, and for reconsideration of the credibility and RFC determinations.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.