# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1434

_____

| | | |
|---|---|---|
| Marilyn Leggett, o/b/o Bobby Leggett, | * | |
| SS# 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, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 3, 2001
Filed: January 11, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Marilyn Leggett, widow of Bobby Leggett, appeals the District Court's[1] order
affirming the Commissioner's decision to deny her husband's application for disability

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern
District of Arkansas, adopting the report and recommendations of the Honorable
John F. Forster, Jr., United States Magistrate Judge for the Eastern District of
Arkansas.

insurance benefits (DIB). Having carefully reviewed the record, see Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review), we affirm.

Bobby applied for DIB in October 1991, alleging disability since October 1982 from heart disease, diabetes, a stroke, and degenerative arthritis. His insured status expired December 31, 1984. After a second hearing in May 1997,[2] the administrative law judge (ALJ) found Bobby capable of performing his past relevant work (PRW), and thus not disabled, before his date last insured (DLI).

Marilyn first argues that the ALJ failed to make credibility findings as to her testimony about Bobby's subjective complaints—shortness of breath, chest pain, and back pain—and his limited daily activities. This argument fails, as the ALJ specifically stated that the hearing testimony did not establish disabling limitations prior to the DLI, and Marilyn alone testified at the hearing (as by then, Bobby was deceased). The ALJ cited the Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), factors and specified various inconsistencies between the testimony and other evidence in the record, as required. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (holding that findings were adequately explained and supported by the whole record where the ALJ referred to Polaski factors and specified inconsistencies in the record to support its credibility findings, and that the ALJ was not required to discuss methodically each Polaski factor).

Marilyn next contends that the ALJ erred in finding Bobby was capable of performing his PRW before his DLI. We disagree. The ALJ (1) determined Bobby had the residual functional capacity for light work; (2) specified the physical exertional requirements of such work; and (3) found that the demands were consistent with light work based on Marilyn's testimony about Bobby's PRW being managerial or desk jobs

---

[2]Another administrative law judge found Bobby not disabled after a February 1994 hearing, but the case was remanded for further development of the record.

involving no physical labor. See <u>Sells v. Shalala</u>, 48 F.3d 1044, 1046 (8th Cir. 1995) (holding that the ALJ must investigate and make findings on the demands of a claimant's PRW and compare them with the claimant's capabilities). She also erroneously suggests that the ALJ was required to call a vocational expert (VE). See <u>Barrett v. Shalala</u>, 38 F.3d 1019, 1024 (8th Cir. 1994) (finding that the testimony of a VE is not required where the ALJ determined that the claimant could perform PRW).

We decline to address Marilyn's other arguments, as they were not raised in the District Court. See <u>Roberts</u>, 222 F.3d at 470 ("[U]nless a manifest injustice would result, a claim not articulated to the district court is subject to forfeiture on appeal.").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-