# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-3813

———————

Garold Stults,                                    *
                                                  *
              Appellant,                          *
                                                  *
       v.                                         *   Appeal from the United States
                                                  *   District Court for the
Larry G. Massanari, Acting                        *   Western District of Missouri.
Commissioner of Social Security,[1]               *
                                                  *   [UNPUBLISHED]
              Appellee.                           *

———————

Submitted:  July 9, 2001
     Filed:  July 16, 2001

———————

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

       Garold Stults appeals the district court's[2] order affirming the Commissioner's decision to deny disability insurance benefits and supplemental security income.  We

———————

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

review that decision to determine whether it is supported by substantial evidence on the record as a whole.  See Ingram v. Chater, 107 F.3d 598, 600 (8th Cir. 1997).

Having carefully reviewed the record, including the evidence Stults submitted to the Appeals Council, see Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000), we find no basis for disturbing the ALJ's credibility determination, see Gray v. Apfel, 192 F.3d 799, 803-04 (8th Cir. 1999) (ALJ properly discredited claimant's subjective complaints of pain based on discrepancy between complaints and medical evidence, lack of pain medications, and claimant's activities), or his conclusion that Stults had the residual functional capacity to perform his past relevant work as a grill operator, see Sells v. Shalala, 48 F.3d 1044, 1046 (8th Cir. 1995) (when determining whether claimant can perform such work, ALJ must specify demands of such work and compare them with what claimant was capable of doing).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.